IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AVIS WEEKS,

       Plaintiff,

vs.

MERCK & CO., INC.,

       Defendant.

Civil Action No.: 1:08-cv-3425

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AVIS WEEKS, through her undersigned attorneys Levin, Papantonio et al.,

sues Defendant Merck & Company, Inc., and alleges as follows:

### I. JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§1332, as complete diversity

exists between Plaintiff and Defendant. Plaintiff is a resident of the State of New

Jersey, and Defendant is incorporated and has its primary place of business in the

State of New Jersey. The amount in controversy, exclusive of interest and costs,

exceeds $75,000.

2.    Venue is proper within this district pursuant to Case Management Order No. 3, filed

November 1, 2006, signed by John F. Keenan, allowing Fosamax-related cases to be

filed directly in the Southern District of New York.

## II. PARTIES

3.    Plaintiff AVIS WEEKS was born November 21, 1934. At all relevant times Plaintiff was a resident of the State of New Jersey, and used FOSAMAX from approximately 2002 through approximately April 2006.

4.    Defendant is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. The Defendant's registered office is at 820 Bear Tavern Road, City of West Trenton, Mercer County, New Jersey.

5.    Defendant was at all relevant times authorized to conduct business in the State of New Jersey.

6.    At all times relevant Defendant regularly transacted business in the State of New Jersey and continues to do so.

7.    At all relevant times Defendant, through its agents, servants, employees and apparent agents was the designer, manufacturer, marketer, distributor and seller of FOSAMAX, a bisphosphonate drug used primarily to mitigate or reverse the effects of osteoporosis.

8.    Defendant, either directly or through its agents, apparent agents, servants or employees, at all relevant times, sold and distributed FOSAMAX in the State of New Jersey for the treatment or prevention of osteoporosis, Paget's Disease and other off-label uses.

9.    Defendant derives substantial revenue from pharmaceutical products used or

-2-

consumed in the State of New Jersey.

10.    Defendant expected, or should have expected, that its business activities could or
would have consequences within the State of New Jersey.

### III. SUMMARY OF THE CASE

11.    Defendant, either directly or through its agents, apparent agents, servants or
employees designed, manufactured, marketed, advertised, distributed and sold
FOSAMAX for the treatment of osteoporosis, Paget's Disease, and other off-label
uses.

12.    As a result of the defective nature of FOSAMAX, persons who were prescribed and
ingested FOSAMAX, including Plaintiff AVIS WEEKS, have suffered and may
continue to suffer severe and permanent personal injuries to the jaw bone, including
osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw.

13.    Defendant concealed its knowledge of FOSAMAX's unreasonably dangerous risks
from Plaintiff AVIS WEEKS, other consumers, and the medical community.

14.    Defendant failed to conduct adequate and sufficient post-marketing surveillance of
FOSAMAX after it began marketing, advertising, distributing, and selling the drug.

15.    As a result of Defendant's actions and inaction, Plaintiff AVIS WEEKS was injured
due to her ingestion of FOSAMAX, which has caused and will continue to cause
Plaintiff's various injuries and damages. Plaintiff accordingly seeks compensatory
damages.

-3-

## IV. <u>FACTUAL BACKGROUND</u>

16.    At all relevant times Defendant was responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

17.    In September 1995, the United States Food and Drug Administration ("FDA") approved Merck's compound alendronate, which is marketed by Merck as FOSAMAX, for various uses, including the treatment of osteoporosis and Paget's Disease.

18.    FOSAMAX falls within a class of drugs known as bisphosphonates. Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's disease. Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

19.    There are two classes of bisphosphonates: the N-containing (nitrogenous) and non-N-containing (non-nitrogenous) bisphosphonates. The nitrogenous bisphophonates include the following: pamidronate (Aredia); ibandronate (Boniva); risedronate (Actonel); and alendronate (FOSAMAX). The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid). Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The PDR for FOSAMAX confirms that the molecule contains a nitrogen atom.

20.    Throughout the 1990s and 2000s, medical articles and studies appeared reporting the

-4-

frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy. As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have know that FOSAMAX, as a nitrogenous bisphosphonate, shared a similar adverse event profiles to the other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

21.    Merck knew and or should have known that bisphosphonates, including FOSAMAX, inhibit endothelial cell function. Similarly, Merck knew or should have known that bisphosponates also inhibit vascularization of the affected area and induce ischemic changes specific to patients mandibles (lower jaws) and maxillae (upper jaws) and that these ischemic changes appear to be cumulative in nature.

22.    Merck also knew or should have known that these factors combine to create a compromised vascular supply in the affected area. As a result, a minor injury or disease can turning into a non-healing wound. That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

23.    Dentists are now being advised by state dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient on FOSAMAX.

24.    Once the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible.

25.    Shortly after Defendant began selling FOSAMAX, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that

FOSAMAX shared the class effects of the other nitrogenous bisphosphonates. Despite this knowledge, Defendant failed to implement further study risk of osteonecrosis of the jaw relative to FOSAMAX. Rather than evaluating and verifying the safety of FOSAMAX with respect to osteonecrosis of the jaw, Defendant proposed further uses of FOSAMAX, such as FOSAMAX-D, and sought to extend the exclusivity period of FOSAMAX through 2018.

26.    Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

27.    Since FOSAMAX was released, the FDA has received a number of reports osteonecrosis of the jaw among users of FOSAMAX.

28.    On August 25, 2004, the FDA posted its ODS (Office of Drug Safety) Postmarketing Safety Review on bisphosphonates - - specifically pamidronate (Aredia), zoledronic acid (Zometa), risedronate (Actonel), and alendronate (FOSAMAX). This was an epidemiologic review of the FDA adverse events database conducted by the FDA's Division of Drug Risk Evaluation.

29.    As a result of the FDA Review, the FDA observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy. The FDA's review indicated that the osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX.

30.    As a result, the FDA recommended and stated that the labeling for FOSAMAX should be amended by Merck to specifically warn about the risk of osteonecrosis of

-6-

the jaw. Merck has refused to accede to the FDA's request and, to this day, still does not warn of the risk of osteonecrosis of the jaw in its FOSAMAX labeling.

31.    Rather than warn patients, and despite knowledge known by Defendant about increased risk of osteonecrosis of the jaw in patients using FOSAMAX, Defendant continues to defend FOSAMAX and minimize unfavorable findings.

32.    FOSAMAX is one of Defendant's top selling drugs. Averaging more than $3 billion a year in sales.

33.    Consumers, including Plaintiff AVIS WEEKS, who have used FOSAMAX for the treatment or prevention of osteoporosis, Paget's Disease and/or other off-label uses, have several alternative safer products available to treat their conditions.

34.    Defendant knew of the significant risk of dental and oral complications caused by ingestion of FOSAMAX, but Defendant did not adequately and sufficiently warn consumers, including Plaintiff AVIS WEEKS, or the medical community, of such risks.

35.    As a direct result, Plaintiff AVIS WEEKS was prescribed FOSAMAX and has been permanently and severely injured, having suffered serious consequences from the ingestion of FOSAMAX. Plaintiff AVIS WEEKS requires and will in the future require ongoing medical care and treatment.

36.    Plaintiff AVIS WEEKS has suffered from mental anguish from the knowledge that she will have life-long complications as a result of the injuries Plaintiff sustained from the use of FOSAMAX.

37.    Plaintiff AVIS WEEKS was prescribed and began taking FOSAMAX in 2002.

38.    Plaintiff used FOSAMAX as prescribed and in a foreseeable manner.

39.    As a direct and proximate result of using FOSAMAX, Plaintiff suffered severe
       personal injury to her jaw.

40.    Plaintiff, as a direct and proximate result of using FOSAMAX, suffered severe
       mental and physical pain and suffering and has sustained permanent injuries and
       emotional distress.

41.    Plaintiff used FOSAMAX which had been provided to her in a condition that was
       substantially the same as the condition in which it was manufactured and sold.

42.    Plaintiff would not have used FOSAMAX had Defendant properly disclosed the risks
       associated with the drug.  Alternatively, Plaintiff would have known the precursor
       events of osteonecrosis of the jaw and would have been able to avoid the clinical
       manifestation of the symptoms as they currently exist.

43.    Defendant, through its affirmative misrepresentations and omissions, actively
       concealed from Plaintiff and her physicians the true and significant risks associated
       with taking FOSAMAX. The running of any applicable statute of limitations has
       been tolled by reason of Defendant's fraudulent concealment.

44.    As a result of Defendant's actions, Plaintiff and her prescribing physicians were
       unaware, and could not have reasonably known or have learned through reasonable
       diligence, that Plaintiff had been exposed to the risks identified in this complaint, and
       that those risks were the direct and proximate result of Defendant's acts, omissions,

-8-

and misrepresentations.

## V. COUNTS

### COUNT I: NEGLIGENCE

45.    Plaintiff re-alleges the above paragraphs as if fully set forth herein.

46.    Defendant owed Plaintiff, AVIS WEEKS, and other consumers, a duty to exercise

reasonable care when designing, manufacturing, marketing, advertising, distributing,

and selling FOSAMAX.

47.    Defendant failed to exercise due care under the circumstances and therefore breached

this duty by:

a. failing to properly and thoroughly test FOSAMAX before releasing the drug to

market;

b. failing to properly and throughly analyze the data resulting from the pre-marketing

tests of FOSAMAX;

c. failing to conduct sufficient post-market testing and surveillance of FOSAMAX;

d. designing, manufacturing, marketing, advertising, distributing, and selling

FOSAMAX to consumers, including Plaintiff, without an adequate warning of the significant

and dangerous risks of FOSAMAX and without proper instructions to avoid the harm which

could foreseeably occur as a result of using the drug;

e. failing to exercise due care when advertising and promoting FOSAMAX; and

f. negligently continuing to manufacture, market, advertise, and distribute

FOSAMAX after Defendant knew or should have known of its adverse effects.

-9-

48.   As a direct and proximate consequence of Defendant's actions, omissions, and misrepresentations, Plaintiff AVIS WEEKS sustained significant and permanent injury to her jaw.   In addition, Plaintiff required and will continue to require healthcare and services.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

49.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

COUNT II:  STRICT LIABILITY

50.   Plaintiff re-alleges the above paragraphs as if fully set forth herein.

51.   Defendant manufactured, sold, distributed, marketed, and/or supplied FOSAMAX in a defective and unreasonably dangerous condition to consumers, including Plaintiff AVIS WEEKS.

52.   Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or

-10-

promoted FOSAMAX, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

53.    Plaintiff used FOSAMAX as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

54.    FOSAMAX failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

55.    FOSAMAX was defective in its design and was unreasonably dangerous in that its unforeseeable risks exceeded the benefits associated with its design or formulation.

56.    FOSAMAX was defective in design or formulation in that it posed a greater likelihood of injury than other similar medications and was more dangerous than an ordinary consumer could reasonably foresee or anticipate.

57.    FOSAMAX was defective in its design and was unreasonably dangerous in that it neither bore nor was packaged with nor accompanied by warnings adequate to alert consumers, including Plaintiff, of the risks described herein, including, but not limited to, the risk of osteonecrosis of the jaw.

58.    Although Defendant knew or should have known of the defective nature of FOSAMAX, it continued to design, manufacture, market, and sell FOSAMAX so as to maximize sales and profits at the expense of the public health and safety. By so acting, Defendant acted with conscious and deliberate disregard of the foreseeable

-11-

harm caused by FOSAMAX.

59.    Plaintiff could not, through the exercise of reasonable care, have discovered FOSAMAX's defects or perceived the dangers posed by the drug.

60.    As a direct and proximate consequence of Defendant's conduct, Plaintiff AVIS WEEKS sustained significant and permanent injury to her jaw. In addition, Plaintiff required and will continue to require healthcare as a result of her injury. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

61.    Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

### COUNT III:  BREACH OF EXPRESS WARRANTY

62.    Plaintiff re-alleges the above paragraphs as if fully set forth herein.

63.    Defendant expressly represented to Plaintiff AVIS WEEKS, other consumers and the

-12-

medical community that FOSAMAX was safe and fit for its intended purposes, was

of merchantable quality, did not produce any dangerous side effects, and had been

adequately tested.

64.    FOSAMAX does not conform to Defendant's express representations because it is

not safe, has numerous and serious side effects, and causes severe and permanent

injuries.

65.    At all relevant times FOSAMAX did not perform as safely as an ordinary consumer

would expect, when used as intended or in a reasonably foreseeable manner.

66.    Plaintiff AVIS WEEKS, other consumers, and the medical community relied upon

Defendant's express warranties.

67.    As a direct and proximate result of Defendant's actions, Plaintiff AVIS WEEKS

sustained serious significant and permanent injury to her jaw. In addition, Plaintiff

required and will continue to require healthcare and services as a result of her injury.

Plaintiff has incurred and will continue to incur medical and related expenses as a

result of her injury. Plaintiff also has suffered and will continue to suffer diminished

capacity for the enjoyment of life, a diminished quality of life, increased risk of

premature death, aggravation of preexisting conditions and activation of latent

conditions, and other losses and damages. Plaintiff's direct medical losses and costs

include care for hospitalization, physician care, monitoring, treatment, medications,

and supplies. Plaintiff has incurred and will continue to incur mental and physical

pain and suffering and loss of wages and wage-earning capacity.

68.  Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

### COUNT IV: BREACH OF IMPLIED WARRANTY

69.  Plaintiff re-alleges the above paragraphs as if fully set forth herein.

70.  Defendant manufactured, distributed, advertised, promoted, and sold FOSAMAX.

71.  At all relevant times, Defendant knew of the use for which FOSAMAX was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

72.  Defendant was aware that consumers, including Plaintiff AVIS WEEKS, would use FOSAMAX for treatment or prevention of osteoporosis or Paget's Disease and for other off-label purposes.

73.  Plaintiff and the medical community reasonably relied upon the judgment and sensibility of Merck to sell FOSAMAX only if it was indeed of merchantable quality and safe and fit for its intended use.

74.  Defendant breached its implied warranty to consumers, including Plaintiff; FOSAMAX was not of merchantable quality or safe and fit for its intended use.

75.  Consumers, including Plaintiff, and the medical community, reasonably relied upon Defendant's implied warranty for FOSAMAX.

76.  FOSAMAX reached consumers without substantial change in the condition in which

-14-

it was manufactured and sold by Defendant.

77.    As a direct and proximate result of Defendant's action, Plaintiff AVIS WEEKS
sustained significant and permanent injury to her jaw. In addition, Plaintiff required
and will continue to require healthcare and services as a result of her injury. Plaintiff
has incurred and will continue to incur medical and related expenses as a result of her
injury. Plaintiff also has suffered and will continue to suffer diminished capacity for
the enjoyment of life, a diminished quality of life, increased risk of premature death,
aggravation of preexisting conditions and activation of latent conditions, and other
losses and damages. Plaintiff's direct medical losses and costs include care for
hospitalization, physician care, monitoring, treatment, medications, and supplies.
Plaintiff has incurred and will continue to incur mental and physical pain and
suffering and loss of wages and wage-earning capacity.

78.    Defendant's conduct as described above was committed with knowing, conscious,
wanton, willful, and deliberate disregard for the value of human life and the rights
and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive
damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT V: FRAUDULENT MISREPRESENTATION

79.    Plaintiff re-alleges the above paragraphs as if fully set forth herein.

80.    Defendant made fraudulent misrepresentations with respect to FOSAMAX in the
following particulars:

a..   Defendant represented through its labeling, advertising, marketing materials,

-15-

detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX had been tested and found to be safe and effective for the treatment of osteoporosis and Paget's Disease; and

    b.   Defendant represented that FOSAMAX was safer than other alternative medications.

81.   Defendant knew that its representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of FOSAMAX to consumers, including Plaintiff, and the medical community.

82.   The representations were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

83.   Defendant's representations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of FOSAMAX.

84.   Plaintiff AVIS WEEKS, Plaintiff's doctors, and others relied upon the representations.

85.   Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

86.   As a direct and proximate result, Plaintiff AVIS WEEKS sustained significant and permanent injury to her jaw. In addition, as a result of her injury, Plaintiff required

and will continue to require healthcare and services, and has incurred and will continue to incur medical and related expenses. Plaintiff also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

87.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT VI: FRAUDULENT CONCEALMENT

88.   Plaintiff re-alleges the above paragraphs as if fully set forth herein.

89.   Defendant fraudulently concealed information with respect to FOSAMAX in the following particulars:

a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX was safe and fraudulently withheld and concealed information about the substantial risks of using FOSAMAX; and

b.   Defendant represented that FOSAMAX was safer than other alternative

-17-

medications and fraudulently concealed information which demonstrated that FOSAMAX was not safer than alternatives available on the market.

90.    Defendant had sole access to material facts concerning the dangers and unreasonable risks associated with FOSAMAX.

91.    Defendant's concealment of information about the risks associated with taking FOSAMAX was intentional, and the representations made by Defendant were known by Defendant to be false.

92.    The concealment of information and the misrepresentations about FOSAMAX were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

93.    Plaintiff AVIS WEEKS, Plaintiff's doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks associated with taking FOSAMAX that Defendant had concealed from them.

94.    As a direct and proximate result of Defendant's fraudulent concealment and misrepresentations, Plaintiff AVIS WEEKS suffered significant and permanent injury to her jaw as well as severe and permanent injuries, including pain, mental and physical anguish and suffering, a diminished capacity for the enjoyment of life, aggravation of preexisting conditions and activation of latent conditions, and a fear of developing other harmful conditions or problems as a result of the injury. Plaintiff has suffered and will continue to suffer a loss of wages and wage-earning capacity and has incurred expenses for medical care and treatment due to the injuries caused

-18-

by FOSAMAX.

95.    Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

### GLOBAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

a. compensatory damages on each cause of action;

b. punitive damages on each cause of action;

c. reasonable attorneys' fees where recoverable;

d. costs of this action; and

e. such other additional and further relief as the Court may deem necessary, appropriate, and just.

## VI. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts and issues so triable.

MEGHAN M. TANS
TIMOTHY M. O'BRIEN
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ESCHSNER & PROCTOR , P.A.
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, Florida 32591
Telephone(850) 435-7181
FAX (850) 436-6181

-20-

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS AVIS WEEKS | DEFENDANTS MERCK & CO., INC. |
|---|---|

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| LEVIN, PAPANTONIO, ET. AL., 316 S. BAYLEN STREET, SUITE 600, PENSACOLA, FL 32591 | Meghan M. Tans, Timothy M. O'Brien |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. 1332
PRODUCT LIABILITY - DEFECTIVE PHARMACEUTICAL (Fosamax)

Has this or a similar case been previously filed in SDNY at any time? No☐  Yes? ☒   Judge Previously Assigned KEENAN

If yes, was this case Vol☐ Invol. ☐ Dismissed. No ☒ Yes ☐  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)          .. · NATURE OF SUIT

ACTIONS UNDER STATUTES

| TORTS | | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 810  AGRICULTURE | [ ] 422  APPEAL | [ ] 400  STATE |
| | | | [ ] 820  FOOD & DRUG | 28 USC 158 | REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 382  PERSONAL INJURY - | [ ] 625  DRUG RELATED | [ ] 423  WITHDRAWAL | [ ] 410 ANTITRUST |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | MED MALPRACTICE | SEIZURE OF | 28 USC 157 | [ ] 430 BANKS & BANKING |
| [ ] 130 MILLER ACT | LIABILITY | ☒ 365 PERSONAL INJURY | PROPERTY | | [ ] 450 COMMERCE/ICC |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | 21 USC 881 | | RATES/ETC |
| INSTRUMENT | SLANDER | [ ] 368  ASBESTOS PERSONAL | [ ] 630  LIQUOR LAWS | **PROPERTY RIGHTS** | [ ] 460 DEPORTATION |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | [ ] 640  RR & TRUCK | | [ ] 470 RACKETEER INFLU- |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | [ ] 650  AIRLINE REGS | [ ] 820  COPYRIGHTS | ENCED & CORRUPT |
| ENFORCEMENT OF | LIABILITY | | [ ] 660  OCCUPATIONAL | [ ] 830  PATENT | ORGANIZATION ACT |
| JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | SAFETY/HEALTH | [ ] 840  TRADEMARK | (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 690  OTHER | | [ ] 480 CONSUMER CREDIT |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370  OTHER FRAUD | | | [ ] 490 CABLE/SATELLITE TV |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371  TRUTH IN LENDING | | **SOCIAL SECURITY** | [ ] 810 SELECTIVE SERVICE |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | [ ] 380  OTHER PERSONAL | **LABOR** | | [ ] 850 SECURITIES/ |
| (EXCL VETERANS) | PRODUCT LIABILITY | PROPERTY DAMAGE | | [ ] 861  MIA (1395FF) | COMMODITIES/ |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 385  PROPERTY DAMAGE | [ ] 710  FAIR LABOR | [ ] 862  BLACK LUNG (923) | EXCHANGE |
| OVERPAYMENT OF | INJURY | PRODUCT LIABILITY | STANDARDS ACT | [ ] 863  DIWC (405(g)) | [ ] 875 CUSTOMER |
| VETERANS BENEFITS | | | [ ] 720  LABOR/MGMT | [ ] 863  DIWW (405(g)) | CHALLENGE |
| [ ] 160 STOCKHOLDERS SUITS | | | RELATIONS | [ ] 864  SSID TITLE XVI | 12 USC 3410 |
| [ ] 190 OTHER CONTRACT | | | [ ] 730  LABOR/MGMT | [ ] 865  RSI (405(g)) | [ ] 891 AGRICULTURE ACTS |
| [ ] 195 CONTRACT PRODUCT | | | REPORTING & | | [ ] 892 ECONOMIC |
| LIABILITY | | | DISCLOSURE ACT | | STABILIZATION ACT |
| [ ] 196 FRANCHISE | | · | [ ] 740  RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL |
| | | .. · | [ ] 790  OTHER LABOR | | MATTERS |
| | **ACTIONS UNDER STATUTES** | | LITIGATION | [ ] 870  TAXES | [ ] 894 ENERGY |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791  EMPL RET INC SECURITY ACT | [ ] 871  IRS-THIRD PARTY 20 USC 7609 | ALLOCATION ACT |
| | | | | | [ ] 895 FREEDOM OF |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510  MOTIONS TO | | | INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | VACATE SENTENCE | | | [ ] 900 APPEAL OF FEE |
| [ ] 230 RENT LEASE & | [ ] 443 HOUSING | 28 USC 2255 | | | DETERMINATION |
| EJECTMENT | ACCOMMODATIONS | [ ] 530  HABEAS CORPUS | | | UNDER EQUAL ACCESS |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535  DEATH PENALTY | | | TO JUSTICE |
| [ ] 245 TORT PRODUCT | [ ] 445 AMERICANS WITH | [ ] 540  MANDAMUS & OTHER | | | [ ] 950 CONSTITUTIONALITY |
| LIABILITY | DISABILITIES - | [ ] 550  CIVIL RIGHTS | | | OF STATE STATUTES |
| [ ] 290 ALL OTHER | EMPLOYMENT | [ ] 555  PRISON CONDITION | | | [ ] 890 OTHER STATUTORY |
| REAL PROPERTY | [ ] 446 AMERICANS WITH | | | | ACTIONS |
| | DISABILITIES -OTHER | | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE KEENAN _____   DOCKET NUMBER 06-MDL 1789

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN  x  IN ONE BOX ONLY)*                                    **ORIGIN**

☒ 1 Original
   Proceeding

☐ 2a. Removed from ☐ 3 Remanded from ☐ 4 Reinstated or
     State Court        Appellate Court        Reopened
☐ 2b. Removed from State Court
     AND at least one party is a pro se litigant

☐ 5 Transferred from ☐ 6 Multidistrict
    (Specify District)        Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate Judge
    Judgment

*(PLACE AN  x  IN ONE BOX ONLY)*                    **BASIS OF JURISDICTION**                    *IF DIVERSITY, INDICATE*

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 FEDERAL QUESTION   ☒ 4 DIVERSITY        *CITIZENSHIP BELOW.*
                                             (U.S. NOT A PARTY)                              *(28 USC 1332, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1  [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [x]5 |
| CITIZEN OF ANOTHER STATE | [x]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
AVIS WEEKS
767 Hawthorne Avenue
Bound Brook, NJ  08805

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

MERCK & CO., INC.
ONE MERCK DRIVE
P.O. BOX 100, WS3AB-05
WHITEHOUSE STATION, NEW JERSEY, 08889-0100

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
               (DO NOT check either box if this a PRISONER PETITION.)

DATE  4/4/08     SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
                                                          [ ] NO
RECEIPT #                                                 [x] YES (DATE ADMITTED Mo. 5____ Yr. 2007 )
                                                          Attorney Bar Code # XXXXX

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

AVIS WEEKS

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

MERCK & CO., INC.

TO: (Name and address of defendant)

MERCK & CO., INC.
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MEGHAN M. TANS
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, P.A.
316 S. BAYLEN STREET, SUITE 600
PENSACOLA, FL 32591

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE |
|---|

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |
| | | |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
     Date                                     Signature of Server

                                      Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case 1:06-md-01789-JFK-JCF   Document 110     Filed 05/30/2007     Page 1 of 3



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x

**IN RE: Fosamax Products Liability Litigation**     :

-----------------------------------------x

*This Document Relates to:* MDL-1789    :

*Fredericka Allen v. Merck Case No.:06-cv-9452*
*Bridget Arcemont v. Merck Case No.: 07-cv-2389*
*Virginia Bergeson v. Merck Case No.: 06-cv-9454*
*Shirley Boles v. Merck Case No.:06-cv-9455*
*Sharon Bradford v. Merck Case No.: 07-cv-477*
*Winnie Braswell v. Merck Case No.: 1:07-cv-1413*
*Roberta Brodin v. Merck Case No : 07-cv-3466*
*Brenda Carpenter v. Merck Case No.: 07-cv-3464*
*Sonja Daroff v. Merck Case No.: 07-cv-3462*
*Debra Flores v. Merck Case No.: 07-cv-02442*
*Sandra Hall v. Merck Case No.: 07-cv-3467*
*Purcia Hardy v. Merck Case No.: 07-cv-797*
*Carolyn Hester v. Merck Case No.:06-cv-9450*
*Pamela Hines v. Merck Case No.: 07-cv-480*
*Rochelle Kenig v. Merck Case No.: 07-cv-00478*
*Anna Merwin v. Merck Case No.: 07-cv-3463*
*Janice Moe v. Merck Case No.: 07-cv-00479*
*James Napier v. Merck Case No.:06-cv-9451*
*Wilma Parslow v. Merck Case No.: 07-cv-3465*
*Tamue Porter v. Merck Case No.: 07-cv-790*
*Margaret Stzelove v. Merck Case No.: 07-cv-3459*
*Maxine Skhute v. Merck Case No.: 07-cv-3461*
*Edna Sykes v. Merck Case No.:07-cv-1412*
*Kathleen Toelke v. Merck Case No.:06-cv-7625*
*Reyna Vandercar v. Merck Case No.:06-cv-11329*
*Nellie Wade v. Merck Case No.:06-cv-9453*
*Carol Young v. Merck Case No.: 06-cv-0531*
*Bonnie Laughlin v. Merck Case No.:07-cv-3827*

-----------------------------------------:

1:06-md-1789 (JFK)

**ORDER FOR ADMISSION
PRO HAC VICE**



> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 5-30-2007

Considering the Certificate of Good Standing submitted by counsel, IT IS

**HEREBY ORDERED** that:

Meghan M. Tans
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 400
P.O. Box 12308 (32591)
Pensacola, FL 32502
Phone: (850) 435-7181
Facsimile: (850) 436-6181
Email: mtans@levinlaw.com

is admitted to practice pro hac vice as counsel for the plaintiffs in the above-referenced

MDL proceeding.

Signed this __30__ day of ___May___, 2007, at __New York__, New
York.

_John F. Keenan_
UNITED STATES DISTRICT COURT JUDGE

AO 136 (Rev. 9/98) Certificate of Good Standing

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## CERTIFICATE OF GOOD STANDING

*I, Sheryl L. Loesch , Clerk of this Court,*

*certify that Meghan M. Tans, Bar # 00888745,*

*was duly admitted to practice in this Court on*

*April 22, 2005, and is in good standing*

*as a member of the Bar of this Court.*

*Dated at Jacksonville, Florida, on May 17, 2007.*

SHERYL L. LOESCH
CLERK

DEPUTY CLERK